IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:16cr261-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| (2) MARIO CANINO-MORALES ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**One Kahr Arms CM9, 9mm handgun, serial number IQ5136, and ammunition.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
SANJEEV BHASKER
Assistant United States Attorney

_____
MARIO CANINO-MORALES
Defendant

_____
RANDOLPH MARSHALL LEE
Attorney for Defendant

Signed this the 27 day of July 2017.

_____
UNITED STATES District JUDGE

CAUSA PENAL#: 3:16cr261-RJC

| | |
|---|---|
| LOS ESTADOS UNIDOS DE AMERICA ) | |
| ) | ORDEN DE CONSENTIMIENTO |
| v. ) | Y DECOMISO DE BIENES |
| ) | CONFORME A LA REGLA 32.2(c)(2) |
| (2) MARIO CANINO-MORALES ) | |

BASADO EN la declaración de culpabilidad del acusado y la conexión entre la propiedad listada a continuación y el/los delito(s) a los cuales el acusado se ha presentado culpable y el hecho de que el acusado (o cualquier combinación de acusados en este caso) tiene o haya tenido un interés de posesión u otro interés legal en dicha propiedad, POR LA PRESENTE SE ORDENA QUE:

La siguiente propiedad queda decomisada por los Estados Unidos conforme a 18 U.S.C. § 924 y/o 28 U.S.C. § 2461(c), conforme a que dicho decomiso de bienes específicos quede sujeto a toda petición de terceros según 21 U.S.C. § 853(n), pendiente la adjudicación a continuación:

**Un arma corta Kahr Arms CM9, 9mm, número de serie IQ5136, y las municiones.**

1. El Servicio de los United States Marshals, la agencia investigativa, y/o el contratista de la agencia está autorizado a tomar posesión y mantener la custodia de los bienes específicos arriba detallados.

2. Si es requerido y hasta el límite requerido por Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), y/o otras leyes aplicables, los Estados Unidos publicará notificación y proporcionará notificación directa del decomiso por escrito.

3. Cualquier persona, que no sea el Acusado, que alegue interés legal en la propiedad puede peticionar al tribunal para una audiencia para adjudicar la validez del interés alegado, a partir de 30 días de la publicación de la notificación o del recibo de la misma, cualesquiera sea más temprana.

4. Conforme a Fed. R. Crim. P. 32.2(b)(3), al ser presentada esta orden, la Oficina del Fiscal de los Estados Unidos está autorizada para llevar a cabo cualquier investigación necesaria para identificar, localizar o destruir la propiedad, incluyendo declaraciones juramentadas, interrogatorios, y peticiones para la presentación de documentos, y para otorgar citaciones conforme a los Reglamentos Federales de Procesamiento Civil P. 45.

5. En cuanto a los bienes específicos, posterior a la disposición del Tribunal de toda petición presentada dentro del tiempo debido, se otorgará la orden de decomiso final. Si ninguna parte tercera presenta petición dentro del tiempo debido, esta orden sirve como orden final de decomiso, conforme a los Reglamentos Federales de Procesamiento Penal. P. 32.2(c)(2), y los Estados Unidos tendrá título limpio a la propiedad y destruirá la propiedad conforme a la ley.

Las partes estipulan y acuerdan que los antedichos bienes constituyen propiedades derivadas de o conectable al lucro ganado por medio de los delitos de los Acusados aquí detallados o propiedades usadas de cualquier manera para facilitar la comisión de dichos delitos y por lo tanto quedan sujetos a ser decomisados conforme a 18 U.S.C. § 924 y/o 28 U.S.C. § 2461(c). El acusado por la presente renuncia los requisitos de Fed. R. Crim. P. 32.2 y 43(a) en cuanto a notificación del decomiso en el documento acusatorio, el anuncio del decomiso durante la sentencia, e incorporación del decomiso en el fallo contra el Acusado. Si el Acusado ha sometido previamente una reclamación en respuesta a un decomiso administrativo con relación a estas propiedades, el Acusado por la presente retira esa reclamación. Si el acusado no ha previamente presentado dicha reclamación, por la presente renuncia todo derecho de presentar la misma. Con relación a las armas de fuego listadas arriba y/o en la acusación, el Acusado acuerda que sean destruidas por las agencias de la justicia federales, estatales o locales por los medios jurídicos que ellos en su discreción única consideren suficientes conforme a la ley, y el acusado renuncia todo derecho a notificación del proceso o de la destrucción de las mismas.

JILL WESTMORELAND ROSE
FISCAL DE LOS ESTADOS UNIDOS

_____
SANJEEV BHASKER
Fiscal Adjunto de los Estados Unidos

_/s/ Mario Canino Morales_____
MARIO CANINO-MORALES
Acusado

_____
RANDOLPH MARSHALL LEE
Abogado del Acusado

Signed this the _____ day of ~~June~~ July 2017.

_____
UNITED STATES _____ JUDGE